IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEE ARNOLD, JR., | ) | CASE NO. 1:11CV0420 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| GARY LOCKE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon plaintiff's *pro se* Complaint (Doc. 1). Also before the Court is a Motion to Proceed *In Forma Pauperis* (Doc. 2). For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

### Facts

Plaintiff, *pro se* Lee Arnold, Jr., filed this action under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Gary Locke, Secretary of the Department of Commerce. He alleges that he applied for employment as a census taker in March 2009. The application required information about criminal convictions but provided a ten year limitation period. Plaintiff had a conviction that occurred prior to that ten year period. He informed the employer of this fact and, as a result, received a letter informing him that he could contact the office to see if any jobs were available. Plaintiff asserts that his conviction should not have been a problem as he had worked as a census taker in 2000, and had submitted his conviction information at that time. He was hired on April 20, 2010. However, his fingerprints had not been received, so

he was placed in a nonworking status. Information about his conviction was again requested. As a result, his employment was terminated even though he had been hired after submitting the same information. Plaintiff contends that to terminate his employment based on the information that previously allowed employment is unlawful and in violation of the employment and civil rights acts, i.e., a denial of his right to life, liberty and the pursuit of happiness. He seeks damages in the amount of all lost wages.

### Discussion

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Title 42 U.S.C. § 1983 is not available against a federal agent. Such action must be brought under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), a corollary to § 1983 created by the judiciary. *See Browning v. Pennerton*, 633 F.Supp.2d 415, 431 (E.D. Ky.,2009). When *Bivens* is involved, a court uses § 1983 case law. *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995); *Hallock v. Bonner*, 567 F.Supp.2d 334, 337 (N.D. N.Y., 2008), *aff'd*., 343 Fed. Appx. 633(2nd Cir. 2009). Under *Bivens*, damage suits can be maintained against federal officials for violation of the United States Constitution. *Bivens*, 403 U.S. at 392.

The Fifth Amendment prohibits governmental actions which would deprive "any person of life, liberty, or property, without due process of law." U.S. Const. Amend.V. In "order to have a

property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972); *Hamby v. Neal*, 368 F.3d 549, 558 (6th Cir. 2004).The Sixth Circuit has held that "a public employee does not have a property interest in continued employment when his position is held at the will and pleasure of his superiors and when he has not been promised that he will only be terminated for good cause." *Bracken v. Collica*, 94 Fed.Appx. 265, 267(6th Cir. 2004) (quoting *Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir.1989).

Plaintiff may be attempting to present a substantive due process claim. Such claims do not include the right to maintain public employment. *See Seal v. Morgan,* 229 F.3d 567, 574-575 (6th Cir. 2000).

The same conclusion applies to procedural due process claims. The court must first determine whether the interest at stake is within the Fifth Amendment's protection of liberty and property. If so, a court must consider the form and nature of the process that is due. *Board of Regents,,* 408 U.S. at 570-71; *Ferencz v. Hairston,* 119 F.3d 1244, 1246 (6th Cir.1997). Plaintiff has not set forth any liberty or property interest, i.e., an injury to a person's reputation, good name, honor, or integrity, nor is there any indication that had a reasonable expectation he could be fired only for cause. Therefore, he is not entitled to a hearing. *See Cvarovsky v. Village of Newburgh Heights*, 2010 WL 3895064 * 6 (N.D. Ohio, Oct. 1, 2010); *Hade v. City of Fremont*, 246 F.Supp.2d 837, 841 (N.D.Ohio,2003).

Plaintiff included a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Title VII provides that it is "an unlawful employment practice for an employer ... to

discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Thus, in order to state a claim, Plaintiff must first allege that he is a member of a mentioned protected class. *See Smith v. City of Salem, Ohio,* 378 F.3d 566, 570 (6th Cir. 2004). Convicted felons are not a protected class under Title VII.

### **Conclusion**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED. This action is DISMISSED pursuant to 28 U.S. C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(e)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: 5/24/11                    /s/ Patricia A. Gaughan
                                  PATRICIA A.GAUGHAN
                                  UNITED STATES DISTRICT JUDGE